IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KIMBERLY M. SCHOENE,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>PENELOPE CHRISTENSEN and PORTLAND HAIR EXTENSIONS BY PENELOPE,<br><br>　　　　　　Defendants. | Case No.: 3:23-cv-00693-AN<br><br>OPINION AND ORDER |

*Pro se* plaintiff Kimberly M. Schoene ("plaintiff") brings this action against defendants Penelope Christensen and Portland Hair Extensions by Penelope ("defendants"), alleging federal and state law trademark, unfair competition, and unfair trade practices claims. Plaintiff filed a Motion for Preliminary Injunction, ECF [2], on May 11, 2023. The Court finds that oral arguments would not aid the resolution of this motion. For the foregoing reasons, plaintiff's motion is DENIED.

## LEGAL STANDARD

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, the plaintiff must show that: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the favor of the plaintiff; and (4) an injunction is in the public interest. *Id.* at 20. If there are "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff," as well as a showing that the plaintiff will suffer irreparable harm and the injunction is in the public interest, then a preliminary injunction may still issue. *All. For The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

## BACKGROUND

Plaintiff owns a business entitled "PDX Hair Extensions." PDX Hair Extensions is located in Portland, Oregon, and specializes in hair extensions. On April 9, 2020, plaintiff applied to the U.S. Patent and Trademark Office ("USPTO") to register the trademark, "Pdx hair extensions," on the Principal Register. On May 5, 2021, the USPTO notified plaintiff that the mark was refused registration on the Principal Register but that it could be added to the Supplemental Register. On July 20, 2021, plaintiff's trademark, "Pdx hair extensions," was registered on the Supplemental Register. The issued registration denotes the mark's first use as February 2, 2016, and its first use in commerce as February 2, 2017. Further, the trademark registration states, "The mark consists of standard characters without claim to any particular font style, size or color" and that "[n]o claim is made to the exclusive right to use the following apart from the mark as shown: 'HAIR EXTENSIONS.'"

Defendant Christensen formerly worked at PDX Hair Extensions but left in April 2021 to pursue her own business, entitled "Portland Hair Extensions by Penelope." Plaintiff alleges that, without her consent or authorization, defendant Christensen has used "PDX Hair Extensions," "pdxhairextensions," and "#pdxhairextensions" in online commerce to advertise and market defendant Portland Hair Extensions by Penelope, thereby infringing on plaintiff's right to the trademark "Pdx hair extensions." Plaintiff seeks a preliminary injunction prohibiting defendants from using, displaying, advertising, or marketing the phrase "Pdx hair extensions."

## DISCUSSION

**A.    Likelihood of Success on the Merits**

Plaintiff brings nine claims in total. Plaintiff's federal claims are brought under the Trademark Act of 1946 ("Lanham Act") and include (1) trademark infringement; (2) trademark counterfeiting; (3) trademark dilution; (4) unfair competition; and (5) unfair and deceptive trade practices. Plaintiff's state law claims include (1) trademark infringement under ORS § 647.095; (2) trademark counterfeiting under ORS § 647.095; (3) trademark dilution under ORS § 647.107; and (4) unfair trade practices under Oregon Revised Statute § 646.605.

1.    *Trademark Infringement, Trademark Counterfeiting, and Unfair Competition Claims*

Under federal and Oregon state law, the owner of a registered trademark has a cause of action against any person who, without consent of the owner, uses the trademark in commerce in connection with the sale or advertising of goods or services, when such use is likely to cause confusion. 15 U.S.C. § 1114(a); Or. Rev. Stat. § 647.095(1)(a). State law trademark infringement cases are analyzed within the same framework as federal law. *See Classic Instruments, Inc. v. VDO-Argo Instruments, Inc.*, 73 Or. App. 732, 734, 700 P.2d 677 (1985) (utilizing Lanham Act framework to analyze trademark infringement claim). Thus, to prevail on a trademark infringement claim, the plaintiff must show that (1) the plaintiff has a valid, protectible mark, and (2) the defendant's use of the mark is likely to cause consumer confusion. *OTR Wheel Eng'g, Inc. v. West Worldwide Servs., Inc.*, 897 F.3d 1008, 1022 (9th Cir. 2018). Because the test for trademark infringement is substantively the same as the tests for trademark counterfeiting and unfair competition, the likelihood of success on the merits of these claims is considered together. *See New W. Corp. v. NYM Co. of Cal., Inc.*, 595 F.2d 1194, 1201 (9th Cir. 1979) ("Whether we call the violation infringement, unfair competition or false designation of origin, the test is identical—is there a 'likelihood of confusion?'").

Plaintiff has provided evidence that her trademark "Pdx hair extensions" is registered on the Supplemental Register. "Registration on the Principal Register shows that the Commissioner has determined that the mark is distinctive"; in contrast, "[r]egistration on the Supplemental Register means that the Commissioner has determined that the mark is 'capable of distinguishing.'" *Cal. Cooler, Inc. v. Loretto Winery, Ltd.*, 774 F.2d 1451, 1454 (9th Cir. 1985) (quoting 15 U.S.C. § 1091(a)). Although plaintiff alleges that her federally registered trademark is "conclusive evidence" of the validity of the mark, that is not precisely accurate. While registration on the Principal Register is "prima facie evidence of the validity of the registered mark," "the registrant's ownership of the mark," and "the registrant's exclusive right to use the registered mark in commerce," the same is not true for a trademark registered on the Supplemental Register. 15 U.S.C. § 1115(a).

When a trademark is registered on the Supplemental Register, it may still receive protection if it is a descriptive mark that has acquired a secondary meaning. *See Cal. Cooler, Inc.*, 774 F.2d at 1455.

A descriptive term obtains secondary meaning when there is a "mental association by a substantial segment of consumers and potential consumers between the alleged mark and a single source of the product." *Levi Strauss & Co. v. Blue Bell*, 778 F.2d 1352, 1354 (9th Cir. 1985) (en banc).  Secondary meaning can be established in many ways, including "direct consumer testimony; survey evidence; exclusivity, manner, and length of use of a mark; amount and manner of advertising; amount of sales and number of customers; established place in the market; and proof of intentional copying by the defendant." *Filipino Yellow Pages, Inc. v. Asian J. Publications, Inc.*, 198 F.3d 1143, 1151 (9th Cir. 1999).  Whether a descriptive term has obtained secondary meaning is a question of fact.  *Levi Strauss & Co.*, 778 F.2d at 1355.

Plaintiff alleges that the consumers "ha[ve] come to associate PDX Hair Extensions exclusively with Kimberly Schoene"; that "PDX Hair Extensions has strong name recognition in the Portland-area hair dressing industry"; and that plaintiff and her salon have "developed a highly-regarded reputation as the 'best in hair extensions[ ] service in the Portland area' based on [plaintiff's] experience, skills, knowledge, long-time build-up of clients, word of mouth, online testimonials, [and] organic searches."  Plaintiff alleges that the term "Pdx hair extensions" is distinctive, identified, and known by the public through "[t]he trademarked name of [p]laintiff's salon 'PDX Hair Extensions,'" "[p]laintiff's own name 'Kimberly Schoene' or 'Kim Schoene,'" and "[p]laintiff's own pink hair and her hair extensions." Plaintiff alleges that she has "extensively and continuously" used the phrase "Pdx hair extensions" to promote her business since February 2, 2017.

Defendants have presented evidence that plaintiff attempted to register "Pdx hair extensions" on the Principal Register, but the USPTO denied her application because the mark was geographically descriptive, and the application failed to show the applied-for mark in use in commerce with any specified services.  Specifically, the USPTO's letter stated:

> "[T]he primary significance of the mark to the purchasing public is a generally known location.  PDX is a common acronym used to describe Portland, Oregon. . . . .
> "The applied-for mark also contains the wording HAIR EXTENSIONS.  However, this wording does not detract from the meaning of the mark being primarily geographic, as this wording is descriptive or generic of applicant's hair extension services.  The addition of generic or highly descriptive wording to a geographic word or term does not diminish that geographic word or term's primary geographic significance.

> . . . . .
> "Here, the nickname PDX is generally known and is primarily geographic in meaning, and the services do originate from Portland, Oregon, as demonstrated by applicant's address of record and website. Thus, a services-place association between applicant and Portland, Oregon is presumed."

Some courts have found that the USPTO's rejection of a trademark application for the Principal Register can serve as "persuasive authority indicating that the mark is not protectable[.]" *See Closed Loop Mktg., Inc. v. Closed Loop Mktg.*, 589 F. Supp. 2d 1211, 1217-18 (E.D. Cal. 2008) ("In rejecting plaintiff's application, the PTO answered the same question facing this court, whether the name is protectable."); *Schwan's IP, LLC v. Kraft Pizza Co.*, 379 F. Supp. 2d 1016, 1021 (D. Minn. 2005) ("[A]lthough the PTO's decision [to deny plaintiff's trademark application] is by no means dispositive of the issue before this court, it is admissible as persuasive evidence.").

Based on the evidence presented, plaintiff has not provided sufficient proof that she owns a valid, protectible mark. Plaintiff's registration of her mark on the Supplemental Register implies that she owns a mark that is distinctive and capable of secondary meaning, but plaintiff has not met her burden of proof in showing that the mark has obtained a secondary meaning. Plaintiff has not presented evidence there is a "mental association by a substantial segment of consumers and potential consumers between the alleged mark and a single source of the product" aside from her own factual allegations. *Levi Strauss & Co.*, 778 F.2d at 1354. Although plaintiff provided consumer testimony, none of that testimony implies that consumers associate the phrase "Pdx hair extensions" solely with plaintiff's business or trademark. *See, e.g.*, *Home Décor Center, Inc. v. Google, Inc.*, No. CV 12-5706-GW, 2013 WL 10858861, at * 6 (C.D. Cal. May 9, 2013) ("Even among the respondents who heard or saw the term or phrase 'Home Décor Center,' none described it as a brand, store, or website."). Further, the Court finds the evidence of plaintiff's rejected application for the Principal Register persuasive. The USPTO determined that plaintiff's mark had a primarily geographic significance, making it insufficiently distinctive to warrant the full scope of protection offered by registration on the Principal Register. That decision was rendered only two years ago and is strong evidence that the phrase "Pdx hair extensions" lacks a secondary meaning capable of making it distinctive.

5

Because plaintiff has not provided sufficient evidence that she owns a valid, protectible mark, her trademark infringement claim is unlikely to succeed on the merits. For that same reason, plaintiff's trademark counterfeiting and unfair competition claims are also unlikely to succeed on the merits.

2.   *Trademark Dilution Claim*

Plaintiff also brings trademark dilution claims under federal and state law. Under the Federal Trademark Dilution Act, a plaintiff must show that (1) the mark is famous; (2) the defendant is making commercial use of the mark in commerce; (3) the defendant's use began after the plaintiff's mark became famous; and (4) the defendant's use presents a likelihood of dilution of the distinctive value of the mark. *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 873-74 (9th Cir. 1999). A mark is famous if it is "truly prominent and renowned." *Id.* at 875. In considering whether a mark is famous, courts must consider (1) the duration, extent, and geographic reach of advertising and publicity of the mark, whether advertised or publicized by the owner or third parties; (2) the amount, volume, and geographic extent of sales of goods or services offered under the mark; (3) the extent of actual recognition of the mark; and (4) whether the mark was on the Principal Register. 15 U.S.C. § 1125(c)(2)(A)(i)-(iv).

Plaintiff has not established that her mark "Pdx hair extensions," is "truly prominent and renowned." Plaintiff alleges that her reputation is "very highly regarded in the Portland-area hair extension industry." However, the evidence that she has presented does not establish a likelihood that her mark is "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2)(A). Much of plaintiff's evidence is based on her own statements, and the consumer statements that she submitted do not indicate that her mark is famous. At best, plaintiff has alleged that the mark is well-known in the Portland-metro area, which is insufficient to meet the federal standard for "famousness"; but, even this contention lacks adequate support.

ORS § 647.107 states:

> "Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark registered under ORS 647.015, or a mark valid at common law, or a trade name valid at common law, shall be ground for injunctive relief notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services."

A mark is considered distinctive under this statute if it "has come to signify plaintiff's product in the minds of a significant portion of consumers and if the mark evokes favorable images of plaintiff or its product." *Wedgewood Homes, Inc. v. Lund*, 294 Or. 493, 498, 659 P.2d 377 (1983).

Again, plaintiff has not established that her mark has a distinctive quality that can be diluted. Plaintiff's allegations do not show that the phrase "Pdx hair extensions" has come to "signify plaintiff's product in the minds of a significant portion of consumers." Because plaintiff has not shown that her mark is famous, or that it has a distinctive quality capable of dilution, plaintiff has not demonstrated a likelihood of success on her trademark dilution claims.

        3.      *State Unfair Trade Practices Claim*

Although plaintiff alleges a federal claim for unfair and deceptive trade practices, she does not identify the basis for this claim, nor is this Court aware of one. Therefore, only plaintiff's state law claim for unfair trade practices under the Oregon Unfair Trade Practices Act ("UTPA") is examined. ORS § 646.607 lists numerous activities that are "unlawful trade practices"; however, plaintiff has not alleged that defendants engaged in any of the activities described therein. Further, Oregon courts have described the policy and purpose of the UTPA as "to provide a viable remedy for *consumers* who are damaged by [deceptive trade practices]." *Raudebaugh v. Action Pest Control, Inc.*, 59 Or. App. 166, 171, 650 P.2d 1006 (1982) (emphasis added). Plaintiff has not alleged that defendants' actions have injured her as a consumer, but rather as a fellow business owner. Nor has plaintiff alleged that defendants committed any of the actions prohibited under the UTPA. Thus, plaintiff has not demonstrated a likelihood of success on the merits of her UTPA claim.

**B.**    **Irreparable Harm**

Because plaintiff has failed to meet the threshold inquiry of whether her claims are likely to succeed on the merits, this Court need not consider the other preliminary injunction factors. *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018). Plaintiff has not established that she is entitled to the "extraordinary remedy" of a preliminary injunction.

**CONCLUSION**

Accordingly, plaintiff's Motion for Preliminary Injunction, ECF [2], is DENIED.

IT IS SO ORDERED.

DATED this 10th day of August, 2023.

Adrienne Nelson
United States District Judge